Silverino Basuel ESTIGOY,
Plaintiff–Appellant,

v.

OSG CAR CARRIERS, INC., In personam; Maritime Overseas Corporation, In personam, Defendants–Appellees,

and

M/V Overseas Joyce O.N. D921012,
In Rem, Defendant.

No. 00–16915.
D.C. No. CV–00–00270–SPK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 17, 2002.

Decided Feb. 14, 2002.

Before GOODWIN, SNEED and TROTT, Circuit Judges.

MEMORANDUM *

Silverino Estigoy ("Estigoy") brought this action under the Jones Act, 46 U.S.C. § 688, against OSG Car Carriers ("OSG") for negligence, unseaworthiness, and main-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tenance and cure.[1] We review the district court's dismissal for lack of personal jurisdiction de novo. *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1071 (9th Cir.2001). Because OSG did not purposefully avail itself of the Hawaiian forum, we affirm.

## DISCUSSION

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Core–Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1484 (9th Cir.1993). Looking, then, to Hawaii's long-arm statute, our inquiry is twofold: (1) we must consider whether the statute authorizes jurisdiction over the non-resident defendant, OSG; and (2) whether the exercise of that jurisdiction comports with constitutional due process. *Myers,* 238 F.3d at 1072. Hawaii's long-arm statute, HRS § 634–35, authorizes jurisdiction to the extent permitted by due process. *Cowan v. First Ins. Co.,* 61 Haw. 644, 608 P.2d 394, 399 (Haw.1980). Thus, we consider only whether the exercise of personal jurisdiction over OSG comports with our notions of due process.

■ Our exercise of jurisdiction may be either "general" or "specific." The exercise of general jurisdiction requires that a foreign defendant's contacts with the forum state be substantial, continuous and systematic. *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 446, 72 S.Ct. 413, 96 L.Ed. 485 (1952). We have required such contacts to "approximate physical presence" in the forum. *Bancroft & Masters, Inc. v. Augusta National Inc.,* 223 F.3d 1082, 1086 (9th Cir.2000). Estigoy's attempt to argue for this strain of jurisdiction is, understandably, half-hearted: OSG has no agent, office, or property in Hawaii; OSG does not advertise and is not authorized to do business in Hawaii; and OSG's ships do not call on ports within Hawaii except in cases of emergency. ER 20. Because the exercise of general jurisdiction would "offend traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), we refuse to do so.

Our circuit evaluates the propriety of exercising specific jurisdiction under a three-part test:

(1) The nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) Plaintiff's claim must arise out of or result from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

*Doe v. Unocal Corp.,* 248 F.3d 915, 923 (9th Cir.2001). "Purposeful availment requires a finding that the defendant performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Id.* at 924 (internal quotation marks omitted). Requiring that defendant's contact with the forum be purposeful "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *see also Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) ("The unilateral activi-

---

1. Estigoy's complaint named Maritime Overseas Corp, *in personam,* and M/V Overseas Joyce, *in rem.* The claims against these parties were not raised on appeal and are deemed waived. *Seven Words LLC v. Network Solutions,* 260 F.3d 1089, 1097 (9th Cir. 2001).

ty of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").

We first consider the alleged contacts created by OSG to pay for Estigoy's airfare and to arbitrate potential grievances in Hawaii. These general concessions were made under the Standard Freightship Agreement ("SFA")—the collective bargaining agreement between the parties—and do not constitute purposeful acts by which OSG invoked the benefits and protections of Hawaii's laws. These supposed contacts are, thus, irrelevant to our jurisdictional analysis.

Estigoy argues, in the main, that OSG purposefully directed its actions at Hawaii by negotiating the SFA with the knowledge that SIU would advertise and provide seaman from there. Indeed, he continues, OSG targeted its actions toward Hawaii by negotiating with the Honolulu SIU port agent to grant Estigoy's drug test waiver. Hence, Estigoy claims, OSG's awareness of *SIU's* Hawaii-directed conduct constituted *OSG's* purposeful availment of that forum.

■ It is, of course, true that OSG could in some sense foresee that a Hawaiian seaman who responded to a SIU posting might be later injured on an OSG vessel. The Supreme Court, however, has rejected this kind of foreseeability as a "'sufficient benchmark' for exercising personal jurisdiction." *Burger King*, 471 U.S. at 474 (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Instead, the critical foreseeability for jurisdiction purposes arises from "defendant's conduct and connection with the forum State." *World–Wide Volkswagen*, 444 U.S. at 297. Here, OSG's supposed Hawaiian contacts arose by virtue of SIU's decision to locate its recruiting hall there—*i.e.*, the unilateral activity of another party. We reject Estigoy's arguments to the contrary.

We reject, as well, Estigoy's suggestion that SIU's Hawaiian contacts are attributable to OSG because SIU served as OSG's agent. SIU serves as the exclusive bargaining agent for the seaman employed by OSG. The record shows clearly that once OSG notified SIU of its need for a cook, filling that position was out of OSG's hands. SIU decided where to advertise and who to hire. Even had OSG wanted SIU to focus its search in Hawaii, OSG was foreclosed from doing so under the SFA. Indeed, that SIU served as Estigoy's agent is demonstrated by its negotiating a waiver for his drug test. Estigoy's arguments on this score are without merit.

Given the complete absence of OSG's purposeful contacts with Hawaii, Estigoy's contention that OSG would not be unreasonably inconvenienced by defending suit there is beside the point.

**AFFIRMED.**